# John W. Ostrander v. Walter Scott.

1. PART PAYMENT—*Acceptance of, When in Satisfaction of a Debt.*—
When a debtor offers his creditor a sum of money less than the amount
of an unliquidated debt, accompanying his offer with the condition that
the money, if received at all, must be received in full satisfaction of the
debt, the payment taken under such condition will amount to a satisfac-
tion; but the statement that the payment is conditional, and is to be
taken in full or not at all, must be such that the creditor does not or can
not have failed to understand it.  The mere statement that the amount
offered is " in full of all demands to date," or " in full of account to
date," is not sufficient.

**Assumpsit,** for money had and received.  Appeal from the Circuit
Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.
Heard in this court at the October term, 1895.  Affirmed.  Opinion filed
October 17, 1895.

EDWIN F. ABBOTT, attorney for appellant, contended that
receiving and retaining a conditional tender, although re-
ceived under the statement that it is in part satisfactory
only, operates as a satisfaction of an unliquidated debt.   18
Am. and E. Enc., 154; McDaniels v. Lapham, 21 Vt. 222;
McDaniels v. Bk. of Rutland, 29 Vt. 230; Fuller v. Kemp,
138 N. Y. 238.

A payment by check of a lesser sum than is admitted to
be due operates as a satisfaction of a larger indebtedness.
Goddard v. O Brien, 21 Am. L. Reg. (N. S.) 637; Jaffray v-
Davis, 124 N. Y. 164; Sebree v. Tripp, 15 M. & W. 26.

The general principle is : Where a debtor offers to the
creditor a certain sum in payment of the debt, the amount
of which is open and unliquidated, and accompanies his
offer with the condition that the money, if taken at all, must
be received in full, or in satisfaction of the debt, and the
creditor receives it, this operates as a payment even though
the creditor, when receiving the money, declares that he
will only take it as part satisfaction of the debt, and as far
as it will extend.   18 Am. and E. Enc., 154; McDaniels v.

Ostrander v. Scott.

Lapham, 21 Vt. 222; McDaniels v. Bank of Rutland, 29 Vt. 230; Fuller v. Kemp, 138 N. Y. 238.

S. LEONARD BOYCE, attorney for appellee, contended that where any ascertained sum of money is fully due and payable from one to another, if the creditor accepts a less sum in satisfaction, the payment is a discharge of only so much as it amounts to. Bishop on Contracts, Chap. 3, Sec. 50, p. 19.

Payment of a lesser sum in satisfaction of a greater, can not be any satisfaction for the whole, because it appears that by no possibility a lesser sum can be a satisfaction to the plaintiff for a greater sum. Pinnel's Case, 3 Coke, 238.

The rule is well settled that an acceptance by the creditor of a sum less than the amount due, in satisfaction, or an agreement to take a less sum in satisfaction, is, in the first case, a discharge of only so much of the debt, and in the other case the promise is void as without consideration. Hayes et al. v. Mass. Life Ins. Co., 125 Ill. 638.

The general principle that the acceptance of a less sum in money than is actually due can not be a satisfaction, and will not operate to extinguish the whole debt, although agreed by the creditor, seems to be recognized in books of unquestionable authority. The reason of the rule is, as stated by Lord Ellenborough in Fitch v. Sutton, 5 East, 232, that there must be some consideration for the relinquishment of the excess due beyond the sum paid—something to show the possibility of benefit to the party thus relinquishing a legal right, otherwise the agreement is *nudum pactum.* Brooks v. White, 2 Metc. 285.

The authorities are numerous, and, it is believed, uniform, that the payment, in money, of a debt due and payable in money by the debtor, at the place where he was bound to make it, of a sum less than the full amount, and at the same time an agreement of the creditor to discharge the residue, will not operate as a defense to a suit for the balance. The reason is obvious; the agreement of discharge is without consideration. By the payment of a part, the defendants

laid no foundation for an obligation in the plaintiff, but merely made discharge, *pro tanto*, for their own, which they had long omitted. Bailey v. Day, 26 Maine, 88; see also Pinnel's Case, 3 Coke, 238; Heathcote v. Crookshanks, 2 T. R. 24; Cumber v. Wane, 1 Strange, 426; Bishop on Contracts, Chap. 3, Sec. 50, p. 19; 2 Parsons on Contracts (6th Ed.), 618.

The payment of a less sum of money than the real debt would be no satisfaction of a larger sum without a release by deed. Titsworth v. Hyde, 54 Ill. 386.

A debt is liquidated when it is certain what is due, and how much is due, for although it may appear something is due, if it does not appear how much is due, the debt is not liquidated. " An unliquidated debt is one which one of the parties can not alone render certain " (*i. e.*, when it can not be made certain by mere calculation). 1 Sutherland on Damages, 10; 2 Bouvier, L. D. 73; Clark, Jr., v. Denton, 69 Ill. 521.

It is a general rule that where the amount of a debt is fixed and certain, or capable of being reduced to certainty by computation, the payment of a part of such debt can not have the effect of an accord and satisfaction without a release under seal. But where the amount or debt is unascertained and not fixed or certain, the rule is otherwise, and the payment and acceptance in satisfaction of a less sum will support a plea of accord and satisfaction. Capital City Mutual Fire Ins. Co. v. Detwiler, 23 Ill. App. 659; see also Palmerton v. Huxford, 4 Den. 166; Mathias v. Bryson, 4 Jones (N. C. Law), 508; Cool v. Stone, 4 Iowa, 219; McDaniels v. Lapham, 21 Vt. 222; Taylor v. Nussbaum, 2 Duer, 302; Harris v. Story, 2 E. D. Smith, 363; Neary v. Bostwick, 2 Hilt. 514.

The specific tender by a debtor, with acceptance by the creditor, of a sum less than the amount claimed by the latter to be due, constitutes an accord and satisfaction between the parties where the claim is for an unliquidated amount, or the thing paid or given in satisfaction of a liquidated amount is personal property or securities, something other

than money, and not otherwise.   Martin v. White, 40 Ill. App. 282; Tompkins v. Hill, 145 Mass. 379.

"If a creditor having an unliquidated or disputed claim against his debtor, accepts a sum smaller than the amount claimed in satisfaction of his claim, he can not afterward maintain an action for the unpaid balance of his original claim."   Tuttle v. Tuttle, 12 Met. 551;  Donohue v. Woodbury, 6 Cush. 148.

The tender and acceptance of a lesser sum only amount to an agreement, and unless there is some new consideration, must be as ineffectual to discharge the debt as an agreement otherwise formed.   To amount to an accord and satisfaction the creditor must receive some actual benefit that he would not otherwise have had.   See Am. and Eng. Ency of Law, title "Accord and Satisfaction," and cases there cited.

If the plaintiff had a cause of action for the balance of the account it could only be extinguished by a satisfaction which he agreed to accept, but such agreement must be on a new and sufficient consideration.   See Cumber v. Wane, 1 Smith's Leading Cases, 606, and notes;  Neal v. Handley, 116 Ill. 418;  Hayes v. Mass. Mutual Life Ins. Co., 125 Ill. 626–638; Rose v. Hall, 26 Conn. 392;  Miller v. Holden, 18 Vt. 337.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee had a claim against appellant, amounting to $5,282.58; the items of this were undisputed, but appellant claimed that he was entitled to be allowed the sum of $1,210 for commissions on goods sold.   Such being the case, appellant sent to appellee his check, reading as follows :

"CHICAGO, ILL., Nov. 24, 1891.

No. ———

The First National Bank of Chicago.   Pay to the order of Walter Scott & Co., $4,072, four thousand seventy-two and 57-100 dollars.   In full of all demands to date.

J. W. OSTRANDER."

This was inclosed in a letter reading as follows :

"CHICAGO, Nov. 24, 1891.

Walter Scott & Co., Plainfield, N. J.

DEAR SIRS: Inclosed we hand you our check for $4,072.57 in full of account to date.

We inclose you bill of commission of presses sold in our territory before you notified us that we were no longer your agent, and as we had seen all these parties and had worked up the business, we are entitled to our commission.

Wishing you success, with kind regards, we remain,

Respectfully,

J. W. OSTRANDER.
C. W. OSTRANDER.

Dec. 1st.   S.

P. S.   We could mention other presses you sold, but as we are not working them up, we do not say anything about them."

Appellee collected and kept the money called for by the check, returning to appellant the following reply:

"PLAINFIELD, N. J., Dec. 1, 1891.

Mr. J. W. Ostrander, 77 Jackson St., Chicago, Ill.

DEAR SIR: We have yours enclosing check for $4,072.57 which amount we place to your credit. We do not, however, accept that amount in full payment of our account, as we can not allow your claim of $1,210 for commission on presses sold by us and others. Our letter of March 11, 1890, sets forth on what terms and conditions we sold machines to you. We will expect you to remit the balance at an early date.

Yours truly,

WALTER SCOTT & CO."

To this appellant replied:

"CHICAGO, Dec. 9, 1891.

Walter Scott & Co., Plainfield, N. J.

GENTLEMEN: In reply to your favor of the 1st inst., will say that we certainly intend the check sent you to be in settlement of our account in full; now if you do not want to accept it as such, you may return it.

We are entitled to a commission on sale mentioned.
We are, very respectfully,
J. W. OSTRANDER.
J. G. OSTRANDER."

Whereupon appellant wrote: (Letter December 17, 1891).

"PLAINFIELD, N. J., December 17, 1891.
Mr. J. W. Ostrander, Chicago, Ill.

DEAR SIR: As we informed you in ours of the 1st inst., we credit you with the amount of your check, $4,072.57, but not in full on your account. The fact that you wish it so does not make it so, or is that any reason why you should not pay what is now long due. You are not entitled to any commission on machines sold by us, or by others for us. See our letter of March 11, 1890, referred to in our last.

We shall expect you to remit the balance of account, $1,210, at an early date.
Yours truly,
WALTER SCOTT & Co."

Appellee brought suit and has received judgment for $1,210.

Where a debtor offers to his creditor a sum of money less than the amount of an unliquidated debt, accompanying his offer with the condition that the money, if received at all, must be received in full satisfaction of the debt, the payment taken under such condition will amount to a satisfaction; but the statement that the payment is conditional, and to be taken in full or not at all, must be such that the creditor does or can not have failed to understand it. Peterson v. Grant, 34 Vt. 201; Cole v. The Transportation Co., 26 Vt. 87; McDaniels v. The Bank of Rutland, 29 Vt. 230; Am. & Eng. Ency. of Law, Vol. 18, p. 154; Western Union Ry. Co. v. Smith, 75 Ill. 496; Rockford, R. I. & St. L. Ry. Co. v. Rose, 72 Ill. 183.

It is the party making the offer, who, by his words and conduct, is seeking to settle for a less sum than is claimed to be due; and his conduct in so doing must be such as to clearly inform the other of what is sought and expected.

We do not regard the writing of appellant " in full of all demands to date " and " in full of account to date " as sufficient to unmistakably inform appellee that the check was sent conditionally, and if accepted must be taken in full satisfaction; it was rather a statement that he, appellant, claimed that it covered the entire amount he owed.

The verdict and judgment of the Circuit Court is therefore affirmed.